UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN SMITH** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-5756** |
| **LEXINGTON INSURANCE COMPANY,** *et al.* | **SECTION: I/4** |

### ORDER AND REASONS

Before the Court is plaintiff's motion to remand.[1] For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

Plaintiff, John Smith ("Smith"), owns property that was damaged when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[2] Smith's home was insured by defendant, Lexington Insurance Company ("Lexington"); Smith's policy with Lexington was allegedly arranged by Smith's insurance agent, Mary Adoue ("Adoue"), and Adoue's agency,

---

[1] R. Doc. No. 11.

[2] R. Doc. No. 1-2, state ct. pet. ¶ 6.

USI Gulf Coast, Inc., ("USI").[3]  Smith alleges that Lexington breached the insurance policy by negligently and fraudulently refusing to honor its obligation to pay for all the damages caused to Smith's property.[4]  Smith also alleges that Adoue and USI were negligent with respect to procuring his insurance coverage.[5]  Smith, Adoue, and USI are Louisiana citizens; Lexington is a foreign corporation.[6]

On September 20, 2007, Lexington, Adoue, and USI removed the lawsuit to this Court arguing that diversity of citizenship exists between the parties because Smith improperly joined Adoue and USI.[7]  On October 19, 2007, Smith filed a motion to remand.[8]

## *LAW AND ANALYSIS*

### I.  Standard of Law

*A.  Motion To Remand*

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (2006); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The

---

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 8.

[5] *Id.* ¶¶ 3, 9, 13.

[6] *Id.* ¶¶ 1-2.  Lexington is a corporation organized pursuant to Delaware law with its principal place of business in Massachusetts.  R. Doc. No. 1, notice of removal at 3.

[7] Notice of removal at 3-4.

[8] R. Doc. No. 11.

burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

B.  *Diversity of Citizenship and Improper Joinder*[9]

In order for diversity of citizenship jurisdiction to exist in a case, there must be complete diversity between plaintiffs and defendants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). A defendant may remove even when nondiverse parties are present if those nondiverse parties were improperly joined. *Gasch*, 491 F.3d at 281. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts[10] or (2) the inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper

---

[9] The United States Court of Appeals for the Fifth Circuit adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

[10] There are no allegations of actual fraud in plaintiff's pleading of jurisdictional facts because no party disputes that Adoue and USI are Louisiana citizens. *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. Unit A Dec. 1981).

joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
> 
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Id.* at 573 (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (*quoting B., Inc.*, 663 F.2d at 549). The court must also resolve any ambiguities in controlling state law in plaintiff's favor. *Id.*

**II.   Discussion**

Defendants argue that Smith has improperly joined Adoue and USI because: (1) Smith has failed to state a claim against Adoue and USI and (2) Smith's claims against Adoue and USI

are perempted by Louisiana Revised Statute § 9:5606 (2007).[11]  In his petition, Smith contends that Adoue and USI failed "to provide [Smith] with a policy of insurance that would cover his home for damages as a result of hurricanes" and "to place the policy with a company that would promptly pay [Smith] the amount necessary to repair his home that was damaged as a result of hurricanes or windstorm."[12]

Plaintiff's claims survive the Rule 12(b)(6) analysis the Court must conduct in determining whether Adoue and USI have been improperly joined.  "Louisiana law in certain instances imposes a fiduciary duty on insurance agents in their dealings with the insured." *Taylor v. Sider*, 765 So. 2d 416, 418 (La. Ct. App. 2000);[13] *see McCartney v. State Farm Ins. Co.*, 567 So. 2d 1168, 1170 (La. Ct. App. 1990); *see also Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990).  Louisiana courts have held that an insurance broker's and agent's "fiduciary duty includes advising his client with regards to recommended coverage." *Durham v. McFarland, Gay & Clay, Inc.*, 527 So. 2d 403, 405 (La. 1988).  Considering the above, the Court does not find that plaintiff has failed to state a claim against Adoue and USI because plaintiff alleges that he requested coverage to protect him against hurricanes and that Adoue and USI failed to provide him with insurance that would do so.[14]

---

[11] R. Doc. No. 17, Adoue and USI mem. opp'n to mot. to remand at 3.  Because jurisdiction in this case is premised upon diversity of citizenship, Louisiana law applies to the substantive issues before the Court.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188, 1194 (1938)).

[12] Pet. ¶ 9.

[13] In *Taylor*, the plaintiff alleged that had she been fully informed of the law and insurance coverage options, she may have opted for a different type of coverage.  765 So. 2d at 419.  The court held that the "plaintiff has adequately asserted a cause of action against defendants as to the insurance agent's duty in procuring this insurance and informing the insured of the policy limitations and exclusions." *Id.*

[14] Pet. ¶¶ 3, 9.

The Court does find, however, that plaintiff's claims against Adoue and USI are perempted. Louisiana Revised Statute § 9:5606, which provides the peremptive period for actions against insurance agents and brokers, states that an action against an insurance agent or broker must be brought within one year of the alleged negligent act or omission or within one year from the discovery of the alleged negligent act or omission. La. Rev. Stat. Ann. § 9:5606;[15] *see Campbell v. Stone Ins. Inc.*, No. 07-30206, 2007 WL 4248211, at *3 (5th Cir. Dec. 5, 2007). In addition, even as to actions filed within one year of the date of discovery, no action may be filed more than three years from the date of the negligent act or omission. La. Rev. Stat. Ann. § 9:5606; *see Campbell*, 2007 WL 4248211, at *3.

Plaintiff's petition does not refer to specific dates. The petition does make clear, however, that plaintiff is dissatisfied with the amount of coverage he received.[16] Taking the facts in the light most favorable to the nonremoving party, the latest date plaintiff discovered or should have discovered that Adoue and USI had breached their duty to him was July 5, 2006, the day that Smith cashed the final payment made to him by Lexington.[17] Accordingly, the last day

---

[15] Section 9:5606 provides, in pertinent part:
> No action for damages against any insurance agent, broker, solicitor, or other similar licensee . . . arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date of the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A).

[16] Pet. ¶ 9.

[17] R. Doc. No. 1-2, notice of removal, ex. D, Bill Jeffries Aff. ¶ 8. Although the standard for evaluating improper joinder is similar to a 12(b)(6) claim, the improper joinder inquiry "is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 2007 WL 4248211, at *2; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005) ("'[A] summary inquiry is appropriate only to indentify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.'" (*quoting Smallwood*, 385

on which Smith could have filed his complaint was July 5, 2007; Smith filed his petition in state court on August 16, 2007, and his claims against Adoue and USI are, therefore, perempted.[18]

Considering plaintiff's failure to show a reasonable possibility of recovering against defendants Adoue and USI, those defendants will be dismissed from this case as improperly joined.  Without Adoue and USI, complete diversity exists between the remaining parties, and the Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1332 over this action.[19]

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[20] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Mary Adoue and USI Gulf Coast, Inc., are **DISMISSED** as parties to this action.

---

F.3d at574)).  Therefore, the Court's reliance on affidavits and other summary judgement-type material is proper.

[18] Plaintiff argues that his claims are not perempted due to Louisiana Revised Statute § 22:658.3, which states:
> Notwithstanding any other provision *of this Title* to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance property, and resulting from Hurricane Katrina shall have through September 1, 2007, within which to file a claim *with their insurer* for damages, unless a greater time period to file such claim is otherwise provided by law or contract.

La. Rev. Stat. § 22:658.3(A) (Supp. 2007) (emphasis added).

The language of the statute is clear that the section applies only to claims *filed with insurers* and that the statute is only effective with respect to the provisions of title 22, not title 9, which provides a cause of action against insurance agents and brokers.  Although the Court must resolve all state law *ambiguities* in favor of plaintiff, there is no ambiguity in the statute, nor does plaintiff demonstrate that one exists.  *See* La. Civ. Code Ann. art. 9 (1999) ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.").

Several courts have discussed § 9:5606 peremption in the Hurricane Katrina context without regard to § 22:658.3.  *See, e.g.*, *Campbell*, 2007 WL 4248211; *Tippen v. Republic Fire & Cas. Ins. Co.*, Civil Action Nos. 06-7701, 06-8440, 2007 WL 4219352 (E.D. La. Nov. 28, 2007); *Dobson v. Allstate Ins. Co.*, Nos. 06-0252, 06-1097, 06-1064, 06-1255, 06-1734, 06-1585, 2007 WL 2078423 (E.D. La. July 21, 2006).

[19] Plaintiff does not argue, nor does the Court find, that the amount in controversy is not met.  Smith is seeking damages from Lexington for repairs to a gazebo and a sunroom that amount to $81,817.68.  Jeffries Aff. ¶¶ 9-10; Notice of removal, ex. C, Murray Architects Damage Report.

[20] R. Doc. No. 11.

New Orleans, Louisiana, December __12th__, 2007.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**